■ MARGARET M. VARGA et al., Plaintiffs, v AMY PARKER et al., Defendants and Third-Party Plaintiffs-Appellants. LOUIS ARCES, Third-Party Defendant-Respondent.—Order unanimously reversed on the law with costs and motion denied. Memorandum: On July 29, 1984, Amy and Brian Parker hosted a birthday party at their home. Brian Parker and a guest erected a volleyball net in the backyard and later, Louis Arces and his family arrived with a slip-n-slide game. This toy consists of a plastic sheet about 15 to 18 feet long. One end is attached to a garden hose so that water can run onto the sheet. Children then slide on the wet plastic. Arces, with Brian Parker's assistance, set up the slip-n-slide about 15 feet from the volleyball court area. After the children used it during the afternoon, Arces and Parker removed the slide. Afterwards, Parker noted that the area where the slide had been was damp. Plaintiff Margaret Varga arrived at the party after the slide had been removed and, while playing volleyball, was injured when she slipped on a wet spot.

Varga and her husband instituted an action against the Parkers, alleging negligence in permitting a slippery condition to exist. The Parkers commenced a third-party action against Louis Arces seeking contribution. Arces then brought the instant motion for summary judgment upon the limited ground that his conduct in setting up and taking down the slip-n-slide game with Brian Parker's assistance did not, as a matter of law, give rise to any duty to protect Varga, a fellow social guest, from harm.

Special Term erred by granting summary judgment dismissing the third-party action. A party who engages in affirmative acts which create a danger owes a duty to exercise reasonable care in protecting those exposed to the danger (*Zerner v Cohen,* 275 App Div 702; *Clemens v Benzinger,* 211 App Div 586). (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.