■ KATHLEEN MURPHY, Appellant, v COUNTY OF WESTCHESTER, Respondent. [644 NYS2d 598] —Crew III, J. P.

On December 9, 1992, plaintiff tripped and fell at the entranceway of the Psychiatric Institute of Westchester County Medical Center. Plaintiff thereafter commenced this action against defendant alleging both actual and constructive notice of the allegedly defective condition existing at that location. Following joinder of issue and discovery, defendant moved for summary judgment on the ground that plaintiff failed to comply with the prior written notice requirements of the Westchester County Code and, further, failed to establish that defendant had constructive notice of the allegedly defective condition. Supreme Court granted the motion and this appeal ensued.

Initially, plaintiff claims that the prior written notice provisions of the Westchester County Code are inapplicable to this case because the negligence complained of has to do with a defective building and not a street, highway, bridge, culvert, sidewalk or crosswalk (*see, Walker v Town of Hempstead*, 84

NY2d 360, 367-368). We disagree. The record reflects that a brick walkway, which was constructed on compacted fill, leads to the entranceway of the Psychiatric Institute and that as a result of settling over a period of time, a lip developed at the doorway measuring approximately 1/2 inch in height and running the full width of the entranceway. Contrary to plaintiff's assertion that this constituted a defect in the building, it is clear that the alleged defect was the result of the settling of the walkway. Supreme Court properly concluded, therefore, that the allegedly defective condition was subject to the prior written notice provisions of the Westchester County Code.

With respect to the issue of notice, although we agree that the proof submitted by plaintiff in opposition to defendant's motion was insufficient to raise a question of fact on this point, that issue need not detain us as the record plainly demonstrates that defendant failed to meet its initial burden in this regard. As the proponent, defendant bore the burden of establishing, as a matter of law, that it lacked actual or constructive notice of the defect alleged (*see generally, Pirrelli v Long Is. R. R.*, 226 AD2d 166). To that end, the affidavit submitted in support of defendant's motion states only that "no facts * * * emerged in the course of discovery which indicate[d] that the purported defect in the vicinity of the entrance to the Psychiatric Institute * * * existed for such a period of time prior to [the date of plaintiff's accident] that it should have been discovered and remedied". Such a vague and conclusory statement is entirely insufficient to satisfy defendant's initial burden on its motion for summary judgment (*compare, George v Ponderosa Steak House*, 221 AD2d 710). Accordingly, Supreme Court erred in granting defendant's motion.

White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.