■ BEVERLY M. CHARBONNEAU, Appellant-Respondent, v CITY OF COHOES, Respondent, and ALFRED J. TURCOTTE et al., Appellants, et al., Defendant. [648 NYS2d 836] —White, J. Appeal from an order of the Supreme Court (Harris, J.), entered April 7, 1995 in Albany County, which, *inter alia*, granted a motion

by defendant City of Cohoes for summary judgment dismissing the complaint and cross claims against it and denied a cross motion by defendants Alfred J. Turcotte and Patricia A. Turcotte for summary judgment dismissing the complaint and cross claims against them.

Plaintiff allegedly sustained personal injuries when she tripped and fell over a water line shut-off valve disk that was located within and protruded about one half of an inch above the public sidewalk owned by the defendant City of Cohoes that abutted 113-115 Remsen Street in the City of Cohoes, Albany County, premises owned by defendants Alfred J. Turcotte and Patricia A. Turcotte. This appeal follows Supreme Court's issuance of summary judgment to the City on the ground that plaintiff failed to comply with the prior written notice requirement contained in the City's Charter[1] and its denial of the Turcottes' request for such relief.[2] We shall first consider the arguments regarding the dismissal of plaintiff's complaint against the City.

In *Walker v Town of Hempstead* (84 NY2d 360), the Court of Appeals construed General Municipal Law § 50-e (4) as limiting the reach of prior written notice provisions to defects occurring at six enumerated locations—streets, highways, bridges, culverts, sidewalks and crosswalks. Plaintiff and the Turcottes (hereinafter collectively referred to as appellants) argue that, since a water line and its appurtenances are not one of these six enumerated locations, plaintiff's noncompliance with the City's written notice provision is immaterial. This argument is flawed because the shut-off valve disk was located within a covered location, i.e., a sidewalk, and allegedly made that location dangerous and unsafe. Accordingly, we find the City's written notice provision applicable to this case (*see, Murphy v County of Westchester*, 228 AD2d 970).

Appellants further argue that plaintiff was not required to

---

1. Cohoes City Charter § 162, as amended by Local Laws, 1988, No. 2 of the City of Cohoes provides in relevant part: "The City of Cohoes shall not be liable for the damage or injury sustained by any person in consequence of any street, highway, bridge, culvert, sidewalk * * * water lines, whether above or below ground * * * and appurtenances thereto, whether above or below ground, in said city being absent, out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, or in any way or manner, unless actual written notice of the defective, unsafe, dangerous or obstructed condition of said street, highway, bridge, culvert, sidewalk * * * water lines * * * shall have been given to the Chief of Police of said city or the Commissioner of Public Works of said city at least seventy-two hours previous to such damages or injury."

2. Plaintiff consented to a dismissal of her action against defendant Table and Chair Outlet, Inc.

provide prior written notice because this case falls within the special use exception to the general rule mandating prior notice. The record shows that the shut-off valve disk is a component part of the shut-off valve on the lateral water line serving the Turcottes' premises and that the valve's purpose is to enable the Turcottes to disengage water service into their property. Inasmuch as the shut-off valve does not confer any special benefit upon the City or its citizens who use the sidewalk, we find appellants' argument unpersuasive (*see, Poirier v City of Schenectady*, 85 NY2d 310, 315).

We likewise reject appellants' argument that the City had constructive notice of the allegedly defective condition of the shut-off valve disk as there is no proof establishing when the defect first appeared. Absent such evidence, it cannot be determined if the defect existed for a sufficient length of time prior to plaintiff's accident to have permitted the City's employees to have discovered and remedied it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). We further note there is no evidence that the City created the dangerous condition.

Generally, abutting landowners like the Turcottes are not liable for injuries sustained by persons who fall on public sidewalks unless, *inter alia*, the sidewalk was constructed in a special manner for the benefit of the abutting landowner (*see, Hausser v Giunta*, 88 NY2d 449; *Scalici v City of New York*, 215 AD2d 744). We find this "special benefit" rule applicable here for, as we have indicated, the shut-off valve disk was installed for the Turcottes' benefit (*see, D'Ambrosio v City of New York*, 55 NY2d 454, 462). The Turcottes nevertheless contend that liability should not be imposed upon them because the one half of an inch difference in elevation between the shut-off valve disk and the sidewalk was trivial and therefore nonactionable. Our position is that the question of whether a sidewalk was in reasonably safe condition for pedestrians cannot be determined merely on the basis of the depth of a particular sidewalk depression or difference in elevation, but instead must be decided on the basis of the facts and circumstances of the particular case (*see, Mahota v Cade & Saunders*, 228 AD2d 924, 925; *Evans v Pyramid Co.*, 184 AD2d 960). In this instance, since the Turcottes' proof focused on the difference in elevation rather than the totality of the circumstances, Supreme Court properly denied their cross motion for summary judgment.

For these reasons, we affirm the order of Supreme Court.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.