■ NADINE BRAY et al., Appellants, v DAVID C. GLUCK et al., Respondents. [648 NYS2d 832] —White, J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 28, 1995 in Columbia County, which granted defendants' motions for summary judgment dismissing the complaint.

On November 13, 1993, plaintiff Nadine Bray walked from the sidewalk in front of property owned by defendants David C. Gluck and Joanne Gluck in the City of Hudson, Columbia County, onto a slab of the sidewalk that extended between the public sidewalk and the curb. As Bray stepped off the slab onto the public curb, she slipped and fell, rupturing her Achilles tendon. As a result, Bray and her husband commenced this personal injury action against the Glucks and defendant City of Hudson. According to plaintiffs, the concrete slab where Bray fell was defective in that it had been elevated by tree roots, creating an approximately four-inch drop-off between the slab and the curb. Following joinder of issue, the City moved for summary judgment based on the lack of prior written notice of the alleged defect as required by its municipal charter. The Glucks moved for summary judgment based upon their alleged lack of control over the specific sidewalk slab or curb where the accident occurred. Supreme Court granted both motions and dismissed the complaint. This appeal by plaintiffs followed.

We affirm. With respect to plaintiffs' claim against the City, it is undisputed that no written notice of any defect in the subject concrete slab was received by the City. Further, plaintiffs presented no proof establishing that the City either inspected the area shortly before the accident or affirmatively created the defect. Although plaintiffs presented proof indicating that an independent contractor had repaved the street in front of the sidewalk three years before the accident, we agree with Supreme Court that this fact standing alone is insufficient to raise a triable issue of whether such work would be sufficient to provide the City with actual or constructive notice of a defect in the sidewalk or curbing (see, Jackson v City of Mount Vernon, 213 AD2d 892, 892-893, lv denied 85 NY2d 812; Zawacki v Town of N. Hempstead, 184 AD2d 697).

With respect to plaintiffs' claim against the Glucks, there is no evidence that they created the condition in question and it is well settled that, absent some statutory duty, an abutting landowner will not be held liable for injuries on a public sidewalk (*see, Dufrane v Robideau*, 214 AD2d 913, 914). In addition, despite plaintiffs' contentions to the contrary, there is nothing in the record which would indicate that an accommodation was made for the Glucks' property when the sidewalk was constructed, thus negating any special purpose exception to the general rule that an owner of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition (*see, Dufrane v Robideau, supra*, at 914; *see, Little v City of Albany*, 169 AD2d 1013).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.