■ MARTHA R. CRISS et al., Respondents, v CITY OF ITHACA, Appellant, et al., Defendant. [654 NYS2d 879] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered May 3, 1996 in Tompkins County, which, *inter alia*, denied defendant City of Ithaca's motion for summary judgment dismissing the complaint.

Plaintiff Martha R. Criss (hereinafter plaintiff) was injured on North Cayuga Street in the City of Ithaca, Tompkins County, when she allegedly tripped on a raised grating owned and maintained by defendant New York State Electric and Gas Corporation which protruded from the sidewalk owned and maintained by defendant City of Ithaca. Thereafter, plaintiff and her husband commenced this action seeking damages for her personal injuries. Following joinder of issue, the

City moved for summary judgment dismissing the complaint against it based on the lack of prior written notice of the alleged defective condition, a prerequisite for imposing civil liability against it under Ithaca City Charter § C-107 (as amended by Local Laws, 1989, No. 2 of City of Ithaca), and on the ground that there was no evidence that the City's acts or omissions caused or contributed to plaintiff's injuries. Supreme Court denied the motion insofar as it sought to dismiss the complaint and the City now appeals.

Plaintiffs' claim, based upon the City's failure to keep the sidewalk in a safe condition, was subject to the City's prior notice law, which requires written notice as a prerequisite to imposing liability arising out of "damage or injury sustained by any person in consequence of any * * * sidewalk * * * being out of repair, unsafe, [or] dangerous". The City demonstrated its right to judgment as a matter of law by proving that it had not received prior written notice of the defective condition which allegedly caused plaintiff's injuries (*see, Boucher v Town of Candor*, 234 AD2d 669; *Horan v Christ Episcopal Church*, 227 AD2d 592). Plaintiffs, however, failed to rebut this showing by providing sufficient evidence to raise a triable issue of fact as to whether the City had prior written notice. Furthermore, in the absence of any evidence that the City had inspected the area or performed repair work on the sidewalk any time prior to the accident, plaintiffs also failed to raise an issue of fact as to the City's actual or constructive notice of the defect (*see, Bray v Gluck*, 232 AD2d 942).

Plaintiffs' evidence that the City uses a small tractor to remove snow on the sidewalk and that the grating "has deformed due to vehicle wheel loads in excess of the grating's load carrying capacity" was insufficient to show actual or constructive notice of the condition, because they have not demonstrated that the defect existed for a sufficient period of time prior to plaintiff's accident to permit the City's employees to discover and remedy the defect (*see, Charbonneau v City of Cohoes*, 232 AD2d 931). Finally, plaintiffs have failed to raise a material issue of fact as to whether the City created the defect by an affirmative act of negligence (*see, Poirier v City of Schenectady*, 85 NY2d 310, 315). Accordingly, the City is entitled to summary judgment dismissing the complaint (*see, Bray v Gluck, supra; Charbonneau v City of Cohoes, supra*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant City of Ithaca's motion for summary judgment and dismissing the com-

plaint; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.