■ LAWRENCE M. XERRI, Respondent, v COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART, Appellant, and CITY OF NEW YORK, Respondent. [680 NYS2d 226] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 11, 1998, which denied the motion of defendant The Cooper Union for the Advancement of Science and Art for summary judgment dismissing the complaint and cross-claims, unanimously reversed, on the law, without costs and

disbursements, the motion granted and the complaint and cross-claims dismissed as against said defendant. The Clerk is directed to enter judgment in favor of defendant-appellant The Cooper Union For the Advancement of Science and Art dismissing the complaint and all cross-claims as against said defendant.

Plaintiff alleges that he was injured when, on August 8, 1993, at approximately 1:45 A.M., he slipped on dirty posters, streaked with glue and covered with footprints, on the sidewalk abutting a building owned and maintained by defendant Cooper Union. According to plaintiff, the posters had apparently peeled off the wall of the building, but were still affixed to the bottom of the wall at a ninety degree angle. The IAS Court, finding issues of fact including whether Cooper Union caused or created the condition complained of and whether it had notice of the condition, denied Cooper Union's motion for summary judgment. We reverse.

Plaintiff asserts that the evidence is sufficient to raise an inference that the posters were present on the ground for enough time to allow Cooper Union to discover and remedy the condition and that therefore there is a question of fact as to whether Cooper Union had, at least, constructive notice of the condition. Under the facts of this case, however, notice is not a relevant consideration. While a property owner may be liable for injuries resulting from a dangerous condition on its property of which it has notice (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *see*, *Basso v Miller*, 40 NY2d 233; *Gordon v American Museum of Natural History*, 67 NY2d 836), an owner has no duty to keep the sidewalk in a safe condition unless it created the condition or uses the sidewalk for a special purpose. (*Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384.)* There is no claim in this case that Cooper Union hung the posters or that it caused or created the defective condition that allegedly caused the accident, i.e., the presence of posters on the sidewalk, or that it used the sidewalk for a special purpose.

In any event, there is no evidence that Cooper Union had constructive notice of the condition. While plaintiff states that there were "numerous glue streaks" on the sidewalk and that "it appeared * * * that the posters had been on the ground for some time given their dirty and streaked appearance," it would be pure speculation to draw any inference from these facts as to the length of time prior to the incident that the posters

---

* It is the municipality, rather, that generally has the responsibility for maintenance of the sidewalks. (*Montalvo v Western Estates*, 240 AD2d 45, 47.)

remained on the sidewalk. (*See, Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384.) Plaintiff has accordingly failed to demonstrate the existence of a question of fact on the issue of constructive notice. Therefore, summary judgment in Cooper Union's favor should have been granted. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.