■ ENEIDO PINON et al., Appellants, v TOWN OF ISLIP et al., Respondents. [681 NYS2d 76] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Henry, J.), entered October 31, 1997, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Eneido Pinon was allegedly injured when he tripped over a curb box protruding approximately one to four inches from the sidewalk. He and his wife subsequently commenced this action against the Town of Islip and the Suffolk County Water Authority. After completion of discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them.

The defendants established their entitlement to judgment as a matter of law. In opposition to their motions, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the defendants created the allegedly defective condition (*see, Delano v Consolidated Edison Co.,* 231 AD2d 671; *Fazio v Town of Mamaroneck,* 226 AD2d 338), or had actual or constructive notice of any defect (*see,* Town Law § 65-a; *Charbonneau v City of Cohoes,* 232 AD2d 931). Contrary to the plaintiffs' contention, the Town did not derive a special benefit from the curb box which would obviate the notice requirement (*see, Charbonneau v City of Cohoes, supra*). Consequently, the Supreme Court properly granted the defendants' motions for summary judgment dismissing the complaint. Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.