■ HARRY A. GIROUX, Respondent, v DUNLOP TIRE CORPORATION, Appellant. [709 NYS2d 289] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries sustained when his motorcycle struck a six-inch high concrete barrier that had been dislodged from defendant's parking lot and dragged into the street. Although Supreme Court properly denied defendant's motion for summary judgment dismissing the amended complaint, it erred in basing that denial on the ground that defendant failed to establish as a matter of law that it lacked actual or constructive notice that the barrier was in the street. "While a property owner may be liable for injuries resulting from a dangerous condition on its property of which it has notice * * * an [adjoining] owner has no duty to keep the [street] in a safe condition unless it created the condition or uses the [street] for a special purpose" (*Xerri v Cooper Union for Advancement of Science & Art*, 255 AD2d 165, 166; *see, Montalvo v Western Estates,* 240 AD2d 45, 47).

Here, defendant failed to meet its initial burden of establishing as a matter of law that it did not create the dangerous condition. While defendant supported its motion with evidence that the barrier had been properly secured in the parking lot, defendant also presented evidence that it had not been properly secured. Defendant contends that the dragging of the barrier into the street was an extraordinary and unforeseeable act that severed any causal connection between defendant's actions and plaintiff's injuries. Even assuming, arguendo, that a third party rather than defendant was responsible for dragging the barrier into the street, we conclude that defendant nevertheless is not entitled to summary judgment. The issue whether "an injury-producing act was foreseeable is typically a question for the trier of fact to resolve" (*Singh v Persaud,* 269 AD2d 381, 382; *see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Dennis v City of New York,* 205

AD2d 577, 578). Thus, defendant failed to meet its initial burden of establishing entitlement to judgment as a matter of law, and the "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.