THERESA M. HALL, Appellant, v CITY OF SYRACUSE, Respondent, et al., Defendant. [713 NYS2d 384] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she allegedly tripped and fell after catching her shoe on a cracked curb box cover. The curb box is owned by defendant City of Syracuse (City) and located in the grassy area between the curb and the paved portion of the sidewalk. Supreme Court

properly granted the City's motion for summary judgment dismissing the complaint against it. The City met its initial burden of establishing its entitlement to judgment as a matter of law by submitting proof in admissible form that prior written notice of the allegedly dangerous condition was not given to the Commissioner of Public Works, as required by section 8-115 (1) of the Charter of the City of Syracuse (*see, Wisnowski v City of Syracuse,* 213 AD2d 1069, 1070). The court properly determined that the prior written notice requirement applies because the area where the accident occurred is part of the sidewalk (*see, Zizzo v City of New York,* 176 AD2d 722; *Gallo v Town of Hempstead,* 124 AD2d 700; *see also,* Vehicle and Traffic Law § 144). Plaintiff failed to submit proof in admissible form raising a triable issue of fact whether an exception to the prior written notice requirement applies. Contrary to plaintiff's contention, the special use exception is inapplicable because the City "did not derive a special benefit from the curb box which would obviate the notice requirement" (*Pinon v Town of Islip,* 255 AD2d 568, 569; *see, Charbonneau v City of Cohoes,* 232 AD2d 931, 933). Further, speculation that the City created the allegedly dangerous condition is insufficient to defeat the motion (*see, Price v Village of Phoenix,* 222 AD2d 1079, 1080). Finally, constructive notice of the allegedly dangerous condition is not an exception to the requirement of prior written notice contained in the City Charter (*see, Amabile v City of Buffalo,* 93 NY2d 471, 475-476). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.