■ ANA R. MONTES, Respondent, v CITY OF BUFFALO, Respondent, and KEVIN HELMER et al., Appellants. [744 NYS2d 601] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered March 5, 2001, which, inter alia, denied the motion of defendants Kevin Helmer and Loretta Helmer for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion of defendants Kevin Helmer and Loretta Helmer and dismissing the amended complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she tripped and fell over a raised section of sidewalk in front of property owned by defendants Kevin Helmer and Loretta Helmer. Supreme Court properly granted the cross motion of defendant City of Buffalo (City) for summary judgment dismissing the amended complaint against it. The City established that written notice of the alleged dangerous condition of the sidewalk had not been "actually given to the city clerk" (Charter of City of Buffalo § 21-2). Such notice is a condition precedent to an action against the City for injuries resulting from the dangerous condition of a City sidewalk, and the fact that the City had actual notice of the defect is not a substitute for compliance with the Charter provision (*see Lalley v Adam, Meldrum & Anderson Co.*, 186 AD2d 1083, 1084; *Deans v City of Buffalo*, 181 AD2d 1015).

The court erred, however, in denying the motion of the Helmers for summary judgment dismissing the amended complaint against them. As a general rule, "liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453). The Helmers established that no exception to that general rule applies, i.e., the sidewalk was not constructed in a special manner for their benefit; they did not cause the defective condition; and no City ordinance imposes liability upon them for injuries resulting

from their failure to maintain or repair the sidewalk (*see id.* at 453).

Contrary to plaintiff's contention, we conclude that section 413-50 (A) of the Code of City of Buffalo (Code) does not impose liability upon the Helmers for plaintiff's injuries. Section 413-50 (A) was amended in 1997 to provide that the owner or occupant of property abutting a public sidewalk "shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk." In interpreting the Code, our "primary consideration * * * is to 'ascertain and give effect to the intention of the Legislature' " (*Riley v County of Broome,* 95 NY2d 455, 463, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a], at 177). To that end, the legislative history " 'is not to be ignored, even if words be clear' (McKinney's Cons Laws of NY, Book 1, Statutes § 124, at 252)" (*id.*). The legislative history of the 1997 amendment establishes that the sole impetus for the amendment was to strengthen enforcement of the existing duty imposed upon abutting owners and occupants to remove snow and ice from sidewalks.

Further, the language imposing liability for injuries resulting from failure to discharge that duty should not be removed from its context and viewed in isolation from the remainder of the Code. "It is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" (*People v Mobil Oil Corp.,* 48 NY2d 192, 199). Thus, we cannot ignore the fact that the language imposing tort liability upon abutting owners and occupants falls within the Code article and section that address, in substance as well as headings, snow and ice removal (*see* Code, art VIII ["Snow and Ice Removal"], § 413-50 ["Duty for removal; penalties for offenses"]). The Code, moreover, contains a provision that addresses sidewalk maintenance generally and imposes upon abutting owners and occupants the duty "to keep the sidewalk * * * in good order and repair" (§ 413-48 [A]; *see* art VII ["Construction and Maintenance of Sidewalks"], § 413-48 ["Maintenance of sidewalks; penalties for offense"]), but does not impose tort liability upon abutting owners and occupants for failure to discharge that duty. Finally, we attach no significance to the failure of the City, during the course of this litigation, to take a position with respect to the interpretation of section 413-50 (A). More significant, in our view, is the fact that the Commissioner of the City's Department of Public Works acknowledged prior to plaintiff's accident that it was

the City's obligation to repair the Helmers' sidewalk at the City's sole expense (*see* § 413-44 [E]).

We therefore modify the order by granting the motion of the Helmers and dismissing the amended complaint against them.

All concur, except Lawton, J., who dissents in part and votes to affirm in the following memorandum.

Lawton, J. (dissenting in part). I respectfully dissent in part because, in my view, Supreme Court properly denied the motion of defendants Kevin Helmer and Loretta Helmer for summary judgment dismissing the amended complaint against them. I disagree with the majority that the Helmers established that the Code of City of Buffalo (Code) imposes liability upon abutting landowners for injuries resulting only from the failure to keep a sidewalk clear of snow and ice and not from the failure otherwise to maintain or repair a sidewalk. Section 413.50 (A) of the Code plainly states that "[t]he owner or occupant of lands fronting or abutting on any street, highway, traveled road, public lane, alley or square shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions," and "[s]uch owner or occupant, and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk." "As a general rule, the unambiguous language of a statute is determinative, as the words of the statute are the best evidence of the Legislature's intent" (*Matter of City of New York v State of New York*, 282 AD2d 134, 141, *lv granted* 97 NY2d 604). Although a court may look to legislative intent to interpret legislation if there is a conflict among statutes or an ambiguity in the legislation, a court's role is not to correct erroneous legislation (*see Meltzer v Koenigsberg*, 302 NY 523, 525). Here, the legislation unambiguously imposes liability on abutting landowners for negligently maintaining sidewalks and therefore is determinative. Thus, while the City Council for defendant City of Buffalo (City) may have intended the result reached by the majority, intent is irrelevant in this case. Nor would it be appropriate to rely upon the article VIII heading "Snow and Ice Removal" in the Code as a basis for interpreting the intent of the City Council. The heading of a section " 'may not alter or limit the effect of unambiguous language in the body of the statute itself' [citation omitted]" (*Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.*, 58 NY2d 89, 94). The result reached by the majority relieves an abutting landowner from liability that is plainly and unambiguously imposed, and imposes liability

for snow and ice removal that is not stated in the legislation. That is a result that should not be countenanced. Interestingly, the City did not take a position at Supreme Court or on this appeal with respect to the interpretation of the legislation.

Consequently, I would affirm. Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.