■ ROSEMARIE SMITH, Respondent, v CITY OF SYRACUSE et al., Appellants. [747 NYS2d 876] —Appeals from an order of Supreme Court, Onondaga County (Major, J.), entered June 1, 2001, which denied defendants' motion and cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell because of an allegedly dangerous condition, i.e., a depression in the street in an area containing an electrical "pull box," or "hand hole," which houses wiring for street lights. Supreme Court properly denied the motion of defendant Niagara Mohawk Power Corporation (NiMo) for summary judgment dismissing the complaint and cross claim against it. NiMo failed to establish as a matter of law that it did not own the pull box. In addition, there is a triable issue of fact whether NiMo created the allegedly dangerous condition or had actual or constructive notice of it (*cf. Pinon v Town of Islip,* 255 AD2d 568, 569). Although NiMo submitted deposition testimony establishing that it did not install the pull box, plaintiff submitted the deposition testimony of an employee of defendant City of Syracuse (City) who testified that NiMo may have made repairs to the pull box after the street was repaved and thus either created the dangerous condition or had actual or constructive notice of it.

The court also properly denied the cross motion of the City for summary judgment dismissing the complaint and cross claim against it. It is undisputed that the City did not have prior written notice of the allegedly dangerous condition as required by section 8-115 (1) of the City Charter and thus the City met its initial burden on the cross motion (*see Hendrickson v City of Kingston,* 291 AD2d 709, 709, *appeal dismissed and lv denied* 98 NY2d 662; *Hall v City of Syracuse,* 275 AD2d 1022, 1023; *see also Lado v City of Rome,* 269 AD2d 743). Contrary to the contention of plaintiff, the special use exception to the prior written notice requirement does not apply because the area surrounding the pull box was maintained by the City as part of its duty to maintain safe streets (*see Lado,* 269 AD2d 743; *ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606, 606-607; *see generally Amabile v City of Buffalo,* 93 NY2d 471, 474; *Poirier v City of Schenectady,* 85 NY2d 310, 314-315). Plaintiff, however, raised a triable issue of fact concerning the applicability of the second exception to the prior written notice

requirement, i.e., whether the City created the allegedly dangerous condition "through an affirmative act of negligence" (*Amabile,* 93 NY2d at 474; *see Kiernan v Thompson,* 73 NY2d 840, 841-842). It could be inferred from the affidavit of plaintiff's expert that the defect may have occurred because of the manner in which the pull box was installed or the street was repaved (*cf. Hendrickson,* 291 AD2d at 710). The record establishes that the City hired contractors to install the pull box and repave the surrounding street, and its employees supervised and had final approval over work contracted out by the City. If those contractors created the allegedly dangerous condition, then the City would have "affirmatively participated in creating the risk" based on its control over those contractors (*Bonesteel v Fitzgerald Bros. Constr. Co.,* 86 AD2d 715, 716). Contrary to the City's contention, plaintiff offered more than mere speculation that the City created the allegedly dangerous condition (*cf. Hall,* 275 AD2d at 1023). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.