THERESIA ROBINSON, Appellant-Respondent, v CITY OF BUFFALO, Respondent, and BUFFALO MUNICIPAL HOUSING AUTHORITY, Appellant. [757 NYS2d 664] —Appeal and cross appeal from an order of Supreme Court, Erie County (Notaro, J.), entered April 16, 2002, which denied the motion of defendant Buffalo Municipal Housing Authority for summary judgment dismissing the complaint against it and granted the motion of defendant City of Buffalo for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant City of Buffalo and reinstating the complaint against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she tripped and fell on a street in defendant City of Buffalo (City) that abutted premises owned by defendant Buffalo Municipal Housing Authority (BMHA). In her pleadings plaintiff alleged that a depression in the street caused her fall and constituted a dangerous condition. Each defendant moved for summary judgment dismissing the complaint against it. We conclude that Supreme Court erred in granting the motion of the City and properly denied the motion of BMHA.

In support of its motion, the City contended that it could not be liable for plaintiff's injuries because there was no prior written notice of the allegedly dangerous condition, as required by

section 21-2 of the City Charter. Although the City met its initial burden on its motion by establishing that "plaintiff failed to comply with the prior written notice provision" (*Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]; *see Smith v City of Syracuse*, 298 AD2d 842 [2002]; *Hall v City of Syracuse*, 275 AD2d 1022, 1023 [2000]), plaintiff raised "a triable issue of fact concerning the applicability of [an] exception to the prior written notice requirement, i.e., whether the City created the allegedly dangerous condition 'through an affirmative act of negligence'" (*Smith*, 298 AD2d at 842-843, quoting *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Kiernan v Thompson*, 73 NY2d 840, 842 [1988]). Plaintiff submitted deposition testimony establishing that the street was a dedicated City street, so that the City was responsible for its repair and maintenance. In addition, plaintiff submitted an affidavit from a person who resides in a house on the street at issue who averred that she had seen City employees making repairs to the street. She further averred that the repairs caused a portion of the pavement to be raised above the original street level, creating the depression in the street where plaintiff fell. We therefore modify the order by denying the motion of the City and reinstating the complaint against it.

In support of its motion, BMHA contended that, as the abutting landowner, it did not own, control or maintain the street. BMHA further contended that it did not have actual or constructive notice of the defect and did not create it. Although BMHA met its initial burden on the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), plaintiff raised a triable issue of fact whether BMHA created the dangerous condition. A property owner " 'has no duty to keep the [street] in a safe condition unless it created the condition or uses the [street] for a special purpose'" (*Giroux v Dunlop Tire Corp.*, 273 AD2d 859, 859 [2000] [bracketed material in original], quoting *Xerri v Cooper Union for Advancement of Science & Art*, 255 AD2d 165, 166 [1998]; *see Simonds v City of New York*, 276 AD2d 478, 479 [2000]). In opposition to the motion of BMHA, plaintiff submitted the deposition testimony of a BMHA employee who testified that BMHA would "generally" make "cold patch" repairs to the street where plaintiff fell. That employee also testified that he "[couldn't] really tell" whether a repair in the area where plaintiff fell was a cold patch repair. Plaintiff thereby raised an issue of fact whether the depression in the street was caused by the cold patch repair and, if so, whether BMHA is liable for having created the dangerous condition. Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.