■ HENRY R. BOEHM et al., Respondents, v ANTHONY J. BARNABA et al., Defendants, and UNCLE SAM BOAT TOURS, INC., Appellant. [776 NYS2d 633]—

Peters, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 10, 2003 in Greene County, which denied a

motion by defendant Uncle Sam Boat Tours, Inc. for summary judgment dismissing the complaint and all cross claims against it.

Plaintiffs Henry R. Boehm and Gordon L. Pebler were struck by a car when they were standing in a public street reading an easel-type sign posted by defendant Uncle Sam Boat Tours, Inc. (hereinafter USBT) on its sidewalk. After the commencement of this personal injury action against defendant Anthony J. Barnaba as the driver of the car, defendant Isadora M. Strabo, as the owner of the car, and USBT, USBT moved for summary judgment proffering the pleadings, bills of particulars, deposition transcripts and the affidavit of Ronald Thomson, its general manager and owner, to demonstrate that it could not be negligent as a matter of law because the accident occurred beyond the bounds of its property where it had no control. Supreme Court denied the motion by finding, among other things, that USBT had a duty to provide its patrons with a reasonably safe approach to its ticket booth and schedule sign. This appeal followed.

USBT asserts that it had no duty to protect Boehm and Pebler from an injury on a public roadway. With " '[l]iability for a dangerous condition on property . . . predicated upon occupancy, ownership, control or a special use* of such premises' " (*Kozak v Broadway Joe's*, 296 AD2d 683, 684 [2002], quoting *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1988], *lv dismissed and denied* 73 NY2d 783 [1988]), plaintiffs contend that while USBT placed its sign on its own property, its positioning required that patrons utilize the public street in order to read it. To determine whether a duty exists to protect people from a risk of harm under these circumstances, we balance numerous factors, including " 'the reasonable expectation[ ] of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk . . . and public policies affecting the expansion or limitation of new channels of liability' " (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001], quoting *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 586 [1994]; *accord 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288-289 [2001]).

---

* To the extent that plaintiffs allege that a duty is imposed under the doctrine of special use, we find such contention without merit (*see Kaufman v Silver*, 90 NY2d 204, 207-208 [1997]; *MacLeod v Pete's Tavern*, 87 NY2d 912, 914 [1996]; *Tyree v Seneca Center-Home Attendant Program*, 260 AD2d 297, 297 [1999]; *compare Curtis v City of New York*, 179 AD2d 432, 432 [1992], *lv denied* 80 NY2d 753 [1992]).

Upon these facts, we discern no basis to foist a duty upon USBT. Boehm and Pebler admit to standing approximately 5 to 10 feet into the public street to read USBT's schedule sign, which was positioned on its property near its ticket booth. There was no crowd on the day of the accident and no viable claim that Boehm and Pebler or other potential patrons were forced or directed to congregate in the public street in order to read USBT's sign. Rather, they chose to position themselves in the public roadway when there were several other vantage points available for viewing the schedule sign. Thus, we find no basis upon which we would impose a duty upon USBT to protect Boehm and Pebler against an obvious risk of harm, especially when it had already provided a reasonably safe approach to both its ticket booth and schedule sign (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]). As "foreseeability of harm does not define duty" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr., supra* at 289), we reverse.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Uncle Sam Boat Tours, Inc.