■ SHARON J. BENTY et al., Appellants, v FIRST METHODIST CHURCH OF OAKFIELD, Also Known as OAKFIELD UNITED METHODIST CHURCH, et al., Defendants, and VILLAGE OF OAKFIELD, Respondent. [807 NYS2d 771]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), dated October 4, 2004. The order, insofar as appealed from, granted the motion of defendant Village of Oakfield for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion of defendant Village of Oakfield is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Sharon J. Benty (plaintiff) when she slipped and fell on ice. Supreme Court erred in granting the motion of Village of Oakfield (defendant) for summary judgment dismissing the complaint against it. According to plaintiffs, plaintiff fell on ice that formed when water from two sidewalks and an adjoining yard accumulated where the two sidewalks converged at an angle. We note at the outset that, although it is undisputed that defendant did not have written notice of the alleged dangerous condition, plaintiffs allege that defendant created the dangerous condition when it engaged in road and sidewalk repairs and reconstruction in 1997, thus obviating the need for prior written notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see generally Kiernan v Thompson*, 73 NY2d 840, 842 [1988]).

Although defendant established its entitlement to judgment as a matter of law, we conclude that plaintiffs raised an issue of fact whether defendant created the alleged dangerous condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs submitted the deposition testimony of defendant Michael W. Schultz in which he testified that his yard, which is adjacent to the sidewalk where plaintiff fell, was raised during the reconstruction project in order to permit water to drain. They also submitted the affidavit of an engineer stating that the low area at the angle in the sidewalk caused the water to accumulate and that the grassy areas of the raised land adjacent to the sidewalk prevented the water from dispersing. Moreover, plaintiff's husband submitted an affidavit in which he asserted that water had not pooled in that area prior to the reconstruction project, and plaintiff submitted an affidavit in which she asserted that the pooling occurred occasionally before the reconstruction project, but worsened after the project. Thus, we conclude that plaintiffs raised an issue of fact whether defendant created the alleged dangerous condition (*see Robinson v City of Buffalo*, 303 AD2d 1048, 1049 [2003]; *Smith v City of Syracuse*, 298 AD2d 842 [2002]).

All concur except Lawton, J., who dissents and votes to affirm in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent for the reasons stated in the decision at Supreme Court and would affirm the order. I add only that the majority's holding could negate the

notice requirements for municipal liability with respect to accidents involving ice, because almost all such accidents can be traced back to some depression or grading condition created by a municipality. Further, transitory ice conditions are usually maintenance problems to which the notice requirements were intended to apply. The majority's decision can only "lead to uncertainty and vexatious disputes" (*Varsity Tr. v Board of Educ. of City of N.Y.*, 5 NY3d 532, 536 [2005]). Present— Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.