JOAN HAYMON, Individually and as Mother and Natural Guardian of L.H., an Infant, Respondent, v DONALD J. PETTIT et al., Defendants, and AUBURN COMMUNITY NON-PROFIT BASEBALL ASSOCIATION, INC., Appellant. [829 NYS2d 766]—

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 18, 2006 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Auburn Community Non-Profit Baseball Association, Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion of defendant Auburn Community Non-Profit Baseball Association, Inc. is granted and the complaint and cross claims against that defendant are dismissed.

Memorandum: Plaintiff commenced this action, individually and on behalf of her 14-year-old son, seeking damages for injuries sustained by her son when he was struck by a vehicle driven by defendant Donald J. Pettit. Plaintiff's son had been standing with a group of children in front of a stadium owned and operated by Auburn Community Non-Profit Baseball Association, Inc. (defendant). The children were standing outside the stadium while a baseball game was in progress in order to catch foul balls that were hit out of the stadium. Defendant had a policy pursuant to which a person would receive two free tickets for returning a foul ball, and the accident occurred when

plaintiff's son ran into the street to retrieve a foul ball. Supreme Court erred in denying the motion of defendant for summary judgment dismissing the complaint and cross claims against it. Defendant, as an adjoining landowner, owed no legal duty to plaintiff's son under the circumstances of this case (*see Boehm v Barnaba*, 7 AD3d 911 [2004]; *see also Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]; *see generally Giroux v Dunlop Tire Corp.*, 273 AD2d 859 [2000]). Although it may have been foreseeable that a person would run into the street to pursue a foul ball, it is well established that " 'foreseeability of harm does not define duty' " (*Boehm*, 7 AD3d at 913, quoting *532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 289 [2001]; *see D'Amico v Christie*, 71 NY2d 76, 87 [1987]; *Pulka v Edelman*, 40 NY2d 781, 785 [1976], *rearg denied* 41 NY2d 901 [1977]).

All concur except Centra and Green, JJ., who dissent and vote to affirm in the following memorandum.

Centra and Green, JJ. (dissenting). We respectfully dissent and would affirm for reasons stated in the decision at Supreme Court. We add only that, contrary to the view of the majority, we conclude that defendant Auburn Community Non-Profit Baseball Association, Inc. played a significant role in creating the danger that resulted in the injuries to plaintiff's son by providing an incentive for retrieving and returning foul balls hit out of the stadium onto a public street (*see generally Varga v Parker*, 136 AD2d 932, 933 [1988]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Green, JJ.