■ LINDA SMALLEY, Respondent, v MATTHEW J. BEMBEN, Appellant. [856 NYS2d 769]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered July 18, 2007 in a personal injury action. The order denied the motion of defendant to dismiss the complaint pursuant to CPLR 3211 (a) (7).

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell on snow or ice on the sidewalk abutting defendant's property. We agree with defendant that Supreme Court erred in denying his motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]).

According to plaintiff, defendant is liable pursuant to section 413.50 (A) of the Code of the City of Buffalo (Code), which provides in relevant part that the owner of any premises abutting a public street must "remove, before 9:00 a.m., all snow and ice which may have fallen upon the sidewalk abutting said premises . . . and shall keep such sidewalk . . . free and clear of and from snow, ice and all other obstructions." That section of the Code further provides that "[s]uch owner . . . shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk." We cannot agree with plaintiff that defendant is liable pursuant to the Code. Although owners of land abutting public property generally "are not liable for keeping that public property in a safe condition merely by reason of the proximity of their property . . . , an exception to the general rule exists where a municipal ordinance expressly imposes a duty on the landowner to maintain a sidewalk or curb and states that a breach of that duty will result in liability to injured third parties" (*DiMaio v Pozefsky*, 35 AD3d 1136, 1136-1137 [2006] [internal quotation marks omitted]). Because section 413.50 (A) of the Code is "a statute in derogation of the common law," it must be construed narrowly (*id.* at 1137; *see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 86 [1995]), and we conclude that it does not render owners of property abutting a public sidewalk liable for injuries resulting from the failure to remove snow and ice therefrom.

" '[W]e must presume that the City Council was aware of the common-law rule and [derogated from] it only to the extent indicated by the clear import of its enactment' " (*Krohn v New York City Police Dept.*, 2 NY3d 329, 336 [2004], quoting *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]). In narrowly construing section 413.50 (A) of the Code, as we must (*see Oden*, 87 NY2d at 86), we note that, in amending that section in 1997, the City created two distinct duties for a property owner. The first is to "make, maintain and repair the sidewalk adjoining his [or her] lands," while the second is to "keep such sidewalk . . . free and clear of and from snow, ice and all other obstruc-

tions." Section 413.50 (A) then expressly imposes liability upon a property owner only with respect to the first duty, by setting forth that such owner "shall be liable for any injury . . . by reason of omission, failure or negligence to make, maintain or repair such sidewalk." That section does not, however, set forth that it applies to the second duty concerning snow, ice and all other obstructions. Thus, contrary to plaintiff's contention, we conclude that section 413.50 (A) of the Code does not impose liability upon defendant for the failure to "keep [the] sidewalk . . . free and clear of and from snow, ice and all other obstructions." Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.