# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**344**

**CA 10-01730**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JOAN HAYMON, INDIVIDUALLY AND AS MOTHER AND
NATURAL GUARDIAN OF LEONARD HAYMON, AN INFANT,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DONALD J. PETTIT, DEFENDANT,
AND CITY OF AUBURN, DEFENDANT-RESPONDENT.

---

DAMON MOREY LLP, BUFFALO (STEVEN M. ZWEIG OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

JOHN C. ROSSI, CORPORATION COUNSEL, AUBURN, RIVKIN RADLER LLP,
UNIONDALE (CHERYL F. KORMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered November 4, 2009 in a personal injury action. The judgment granted summary judgment to defendant City of Auburn and dismissed the amended complaint against that defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her 14-year-old son, seeking damages for injuries he sustained when he was struck by a vehicle operated by defendant Donald J. Pettit. Plaintiff's son had been standing with a group of children outside a stadium owned and operated by defendant Auburn Community Non-Profit Baseball Association, Inc. (Baseball Association). There was a baseball game in progress in the stadium, and plaintiff's son was struck by Pettit's vehicle while he was running across the street in defendant City of Auburn (City) in an attempt to catch a baseball that was hit out of the stadium. On a prior appeal, we determined that Supreme Court erred in denying the Baseball Association's motion for summary judgment dismissing the complaint and cross claims against it (*Haymon v Pettit*, 37 AD3d 1194, *affd* 9 NY3d 324, *rearg denied* 10 NY3d 745), and plaintiff now appeals from a judgment granting the City's motion for summary judgment dismissing the amended complaint against it. In affirming our order in the prior appeal, the Court of Appeals wrote that "[t]here are inherent risks associated with crossing the street. Those risks are multiplied when doing so indiscriminately . . . We must assume that adults, and children of [the] age [of plaintiff's son], will act prudently in doing so" (*Haymon*, 9 NY3d at 329). The City met its initial burden on the

motion by establishing that it did not owe a legally recognized duty to plaintiff (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 576-577), and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court