# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**62**
**CA 11-01531**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

ERIN C. DAVISON, PLAINTIFF-RESPONDENT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT-RESPONDENT-APPELLANT,
AND JOHN CARNEY, DEFENDANT-APPELLANT-RESPONDENT.

---

BURGIO, KITA & CURVIN, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (BRIAN C. MAHONEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 27, 2011 in a personal injury action. The order, among other things, denied defendant John Carney's motion for summary judgment dismissing the complaint against him, denied defendant City of Buffalo's motion for summary judgment dismissing the complaint and the cross claims against it, and granted defendant City of Buffalo and plaintiff summary judgment against defendant John Carney on the issues of negligence and proximate cause.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion of defendant City of Buffalo and dismissing the complaint and all cross claims against it and by vacating both that part of the order granting summary judgment to plaintiff and defendant City of Buffalo against defendant John Carney on the issues of negligence and proximate cause as well as the final ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she fell on an uneven sidewalk in front of the residence of John Carney (defendant). Contrary to defendant's contention, we conclude that Supreme Court properly denied his motion for summary judgment dismissing the complaint against him.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453).

That general rule is inapplicable, however, "where[, inter alia,] a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (id. at 453; see Guadagno v City of Niagara Falls, 38 AD3d 1310, 1311). Here, the version of section 413-50 (A) of the Code of defendant City of Buffalo (Code) applicable to this case provided that the owner of lands fronting or abutting on any street shall "make, maintain and repair the sidewalk adjoining his [or her] lands," and that such owner "shall be liable for any injury . . . by reason of omission, failure or negligence to make, maintain or repair such sidewalk" (former Code § 413-50 [A]). We conclude that the plain language of former section 413-50 (A) of the Code imposes liability upon defendant for plaintiff's injuries (see Smalley v Bemben, 12 NY3d 751, 752, affg 50 AD3d 1470). To the extent that our holding is inconsistent with our prior holding in Montes v City of Buffalo (295 AD2d 896, 897, lv denied 99 NY2d 504), that case is no longer to be followed in light of the decision of the Court of Appeals in Smalley. Although, as noted by the Court of Appeals in Smalley, the legislative history of the 1997 amendment to section 413-50 (A) "may also be read as indicating that the amendment was intended to impose liability on landowners for failing to remove snow and ice from city sidewalks abutting their property" (Smalley, 12 NY3d at 752, citing Montes, 295 AD2d at 897), that section nevertheless unambiguously "only imposes liability" on abutting landowners for negligently maintaining or failing to repair sidewalks (id.; see Montes, 295 AD2d at 898 [Lawton, J., dissenting in part]). "[A] court's role is not to correct erroneous legislation" (Montes, 295 AD2d at 898 [Lawton, J., dissenting]). We agree with defendant, however, that the court erred in sua sponte granting summary judgment to plaintiff and defendant City of Buffalo (City) on the issues of negligence and proximate cause inasmuch as there are issues of fact whether defendant was negligent in maintaining the sidewalk and whether such negligence was a proximate cause of plaintiff's injuries (see generally Atkins v United Ref. Holdings, Inc., 71 AD3d 1459, 1460). We therefore modify the order accordingly.

We further agree with the City that the court erred in denying its motion for summary judgment dismissing the complaint and all cross claims against it. The City met its initial burden by establishing that it did not receive the requisite written notice of the allegedly defective sidewalk condition as required by section 21-2 of the City Charter (see Robinson v City of Buffalo, 303 AD2d 1048, 1048-1049), and plaintiff failed to raise "a triable issue of fact concerning the applicability of [an] exception to the prior written notice requirement, i.e., whether the City created the allegedly dangerous condition 'through an affirmative act of negligence' " (Smith v City of Syracuse, 298 AD2d 842, 842-843, quoting Amabile v City of Buffalo, 93 NY2d 471, 474). Although the City may have been negligent in failing to replace the temporary cold patch with a permanent repair, the resulting allegedly dangerous condition developed over nearly 10 years and did not "immediately result" from the City's work, and thus the affirmative act of negligence exception would not apply in any event (Yarborough v City of New York, 10 NY3d 726, 728; see Horan v

*Town of Tonawanda*, 83 AD3d 1565, 1567; *Gold v County of Westchester*, 15 AD3d 439, 440).  We therefore further modify the order accordingly.

All concur except GORSKI, J., who is not participating.