Aja v Richter (2019 NY Slip Op 06273)





Aja v Richter


2019 NY Slip Op 06273


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


542 CA 18-02355

[*1]BERNADETTE AJA, PLAINTIFF-RESPONDENT,
v
HANS RICHTER, DEFENDANT-APPELLANT. 






BOUVIER LAW, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF ROBERT D. BERKUN, BUFFALO (PHILIP A. MILCH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered April 27, 2018. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell on an elevated section of a sidewalk near the side yard of defendant's property in the Town of Amherst (Town). Defendant moved for summary judgment dismissing the complaint on the ground that, inter alia, he had no legal duty to maintain the sidewalk because he did not own that property or any property abutting it. We conclude that Supreme Court properly denied defendant's motion.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions [on a] public sidewalk[] is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; see Schroeck v Gies, 110 AD3d 1497, 1497 [4th Dept 2013]; see also Schiavone v Palumbo, 177 AD2d 1045, 1045 [4th Dept 1991]). "[A]n exception to the general rule exists[, however,] where a municipal ordinance expressly imposes a duty on the landowner to maintain a sidewalk or curb and states that a breach of that duty will result in liability to injured third parties" (Smalley v Bemben, 50 AD3d 1470, 1471 [4th Dept 2008], affd 12 NY3d 751 [2009] [internal quotation marks omitted]; see Hausser, 88 NY2d at 453). Pursuant to the Code of the Town of Amherst (Town Code), "[t]he owner or occupant of any premises fronting or abutting on any street or highway shall repair, keep safe and maintain any sidewalk abutting the premises and keep it free and clear from snow, ice, dirt or other obstruction . . . Any such owner or occupant shall be liable for any injury or damage by reason of omission or failure to repair, keep safe and maintain such sidewalk or to remove snow, ice or other obstructions therefrom or negligence in performing those functions" (Town Code § 83-9-5
[5-1.1]).
Contrary to defendant's contention, viewing the evidence in the light most favorable to plaintiff, as we must (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we conclude that defendant failed to meet his initial burden on the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see also CPLR 3212 [b]). Defendant's own submissions, which included his deposition testimony, raised triable issues of fact with respect to defendant's duty. Although defendant testified that his property did not abut the sidewalk that ran along the east side of his property, defendant also testified, inter alia, that he did not know where his property ended, that his lawn service mowed "all of the way up to the sidewalk just to make it look good," that he was [*2]responsible for the removal of snow from the sidewalk, and that he had repaired the sidewalk with concrete after learning of the accident in response to a letter that he received from the Town. Furthermore, when asked if "there [is] any way to tell . . . where [his] property ends before it gets to the sidewalk," defendant answered, "No."
Although defendant's additional submissions, including a land survey and affidavit of a land surveyor, established that defendant's property did not abut a flag that was used to mark the location of the "raised lip" on the sidewalk, those submissions failed to establish as a matter of law that defendant's property did not abut the sidewalk.
Contrary to defendant's further contention, we conclude that he failed to meet his initial burden on his motion of establishing that the defect was trivial and nonactionable as a matter of law (see Lupa v City of Oswego, 117 AD3d 1418, 1419 [4th Dept 2014]). "[A] mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable" (Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]). Thus, in determining whether a defect is trivial, courts must examine all of "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance' of the injury" (id. at 978). Here, defendant failed to "make a prima facie showing that the defect [was], under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances [did] not increase the risks it pose[d]" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court