OPINION OF THE COURT
Burton Ledina, J.
The defendant Town of Liberty (Town) moves for summary *421 judgment in this negligence action against it. The facts, mostly undisputed, are thus considered in the light most favorable to the plaintiffs. According to Mr. Agrusa’s deposition testimony, on February 28, 1999, the plaintiffs drove from Brooklyn to their home in Liberty on Benton Hollow Road. It was cloudy when they left Brooklyn. As they got to Monticello on Route 17 they encountered a little rain or drizzle. As they came into Liberty, there was bumpy ice on the road they were on, Buckley Street, but that road was well sanded. They turned onto Benton Hollow Road, and that was also sanded. They traveled about three quarters of a mile on Benton Hollow Road, at about 25 to 30 miles per hour, when they reached a downgrade after a curve. At the top of the downgrade the sand ended, and the road going down was all slick black ice. Mr. Agrusa testified that he took his foot off the gas as the car started down the hill, and it skidded into a snow bank on the roadside and overturned. At the time of the accident it was still drizzling. The rescue vehicles couldn’t get to the scene because of the ice, and had to stop at the top of the hill. Mrs. Agrusa’s testimony was consistent with that of her husband.
The defendant Town of Liberty moves for summary judgment pursuant to CPLR 3212, alleging that the plaintiffs’ claims against it are without merit because of their failure to meet the notice condition precedent to bringing action against a town contained in Town Law § 65-a. The defendants admit that the notice required by said section of the Town Law was not given, but maintain that there is an issue of fact as to whether the dangerous condition was caused by the Town’s active negligence which, if true, would except the plaintiffs from the notice requirement.
On a motion for summary judgment each side is obligated to come forward with proof by way of affidavits, depositions, written admissions or other similar competent evidence (CPLR 3212 [b]).*
Town Law § 65-a provides that no civil action may be maintained against a town for damages or injuries sustained solely in consequence of the existence of snow or ice upon any *422 highway, unless written notice thereof, specifying the particular place, was actually given to the town clerk or town superintendent of highways, and there was a failure or neglect to cause such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice. The plaintiffs admit in their papers in opposition to the motion that no such notice was given here.
They nonetheless argue that there is an exception to the notice requirement in cases where the town created the hazard through an act of affirmative negligence. The negligence claimed here is that the Town created a trap by stopping its sanding operations just where a dangerous part of the road started without any warning to oncoming traffic. Drivers traveling on a well-sanded road came suddenly upon an icy, unsanded downgrade, without receiving any notice of the change in road condition.
The Town does not have liability under these circumstances. Neither side has cited a case exactly matching the facts here, nor has the court been able to find one, but certain general principles are established in the multitude of decisions dealing with a town’s obligations to clear snow and ice from its roads. The only two exceptions to the statutory rule requiring prior written notice are where the town created the defect or hazard through an affirmative act of negligence, or where a “special use” confers a special benefit on a locality. (Amabile v City of Buffalo, 93 NY2d 471.) Additionally, neither constructive nor actual notice of an icy condition is a substitute for compliance with a prior written notice requirement. (See, Lang v County of Sullivan, 184 AD2d 981; Cox v County of Allegany, 267 AD2d 1004, and cases cited therein.)
The defect or hazard in the instant case was the icy surface going down the hill on Benton Hollow Road. The ice there did not accumulate through any act of the Town. The failure to remove ice from the roads or to salt and sand them, as well as the failure to warn of a dangerous condition, have been held to be acts of omission. They are not acts of affirmative negligence required to meet the exception to the prior written notice requirement (Buccellato v County of Nassau, 158 AD2d 440, 442; Camera v Barrett, 144 AD2d 515).
The plaintiffs argue that there was an affirmative act of negligence in stopping the sanding at a dangerous spot and giving no warning of the upcoming hazardous condition. They cite the Amabile case (supra) for this proposition, and while the Court did recite the rule that where a locality has created *423 the defect or hazard through its active negligence, an exception existed to the prior written notice rule, the Court there affirmed the Appellate Division’s holding that there was no such active negligence in that case (where the plaintiff tripped over the 10-inch remainder of what once had been a sign pole). The specific holding was that constructive notice of the defect did not override the written notice requirement.
In Kiernan v Thompson (73 NY2d 840), relied on by the plaintiffs, the city had created the crack in the sidewalk causing the plaintiff to fall. Similarly in O’Toole v County of Sullivan (255 AD2d 799), the municipality was found to have improperly patched the sidewalk, curb and roadway where the plaintiff fell, leaving a dangerous condition of uneven, rough paving. These were instances of active negligence sufficient to avoid the prior notice provision. But, they are substantially different from what has been held to be the passive negligence of failing to attend to ice on the road or to give warning of its danger.
There is also a line of cases which holds that even where a municipality has cleared a portion of a roadway of snow or ice, there is no obligation on it to have cleared all the snow and ice from a particular area. (See, Woll v Village of Rockville Centre, 205 AD2d 683; Albanese v Town of Hempstead, 176 AD2d 697.) Failure to sand certain portions of the road while sanding others is not an affirmative act of negligence.
The plaintiffs’ theory of negligence (that the municipality may be liable for accidents occurring past where it stops sanding a road or fails to place a warning of poor road conditions ahead) is thus against statute and case law and, practically, would place an undue burden on it with respect to routes and procedures for clearing and sanding its roads. Although the condition of prior written notice before an action may be brought is a harsh one, such requirement has been established by the Legislature to alleviate what might otherwise be an insurmountable obligation on municipalities.
The plaintiffs have failed to allege that the special relationship exception to the prior written notice requirement existed, and indeed, it didn’t here (see, Cuffy v City of New York, 69 NY2d 255).
In accordance with the foregoing, it is ordered that the defendant’s motion for summary judgment be and the same hereby is granted, and the plaintiffs’ complaint is dismissed.

 In this regard the court will not consider the purported evidence of one John Lennon, referred to in the plaintiffs’ memorandum of law, there being no affidavit from or deposition of Mr. Lennon attached to any of the papers submitted on the motion. The defendant disputes the content of this alleged testimony, but even had it been accepted as proffered, it would not have changed this decision.