■ Matteo Agrusa et al., Appellants, v Town of Liberty, Respondent. [737 NYS2d 673] —Rose, J. Appeal from an order of the Supreme Court (Ledina, J.), entered December 18, 2000 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for personal

injuries they sustained when their car slid down an icy hill on Benton Hollow Road in the Town of Liberty, Sullivan County. Supreme Court granted defendant's motion for summary judgment dismissing the action for failure to comply with the prior written notice requirements of Town Law § 65-a. Plaintiffs appeal, contending that defendant affirmatively created the dangerous condition and knew it had done so. We cannot agree.

"It is axiomatic that a municipality cannot be held liable for a dangerous condition or defect on one of its roadways unless it had prior written notice of such condition or defect as required by the municipality's notice statute * * *, except where the municipality affirmatively created the dangerous condition or defect * * *" (*Lugo v County of Essex*, 260 AD2d 711, 712 [citations omitted]; *see, Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499, 499). While conceding the lack of prior written notice here, plaintiffs assert that the action should not have been dismissed because defendant induced them to continue traveling along the roadway by sanding to the crest of the hill, but not the icy hill itself. However, defendant's action in partially sanding the roadway does not avoid the statutory prior notice requirement because it was the failure to sand the hill that caused the accident. Such an act of omission does not constitute affirmative negligence excusing noncompliance with the prior notice requirement (*see, Frullo v Incorporated Vil. of Rockville Ctr.*, supra at 500; *Lugo v County of Essex*, supra at 712; *Buccellato v County of Nassau*, 158 AD2d 440, 442, *lv denied* 76 NY2d 703).

Moreover, plaintiffs have failed to establish that defendant's employee who sanded the roadway knew or should have known of the dangerous condition due to the nature of his job. This argument, though made in plaintiffs' brief, is unsupported in the record. There is no affidavit, deposition testimony or other record evidence establishing anything about the actions or knowledge of defendant's employees (*see, Ughetta v Barile*, 210 AD2d 562, 564, *lv denied* 85 NY2d 805; *Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168, 173).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 186 Misc 2d 420.]