■ JANICE LIFER, Respondent, v CITY OF KINGSTON, Appellant, et al., Defendants. [742 NYS2d 741] —Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered May 15, 2001 in Ulster County, which denied defendant City of Kingston's motion for summary judgment dismissing the complaint against it.

On December 12, 1998, plaintiff was allegedly injured when she tripped on roots that were under and adjacent to a sidewalk in the City of Kingston, Ulster County. Plaintiff alleges that prior to her accident, the tree from which the roots grew had been cut down by either employees of defendant City of King-

ston or by a city contractor. She further alleges that when the tree was cut down, the City failed to remove the stump and roots and failed to repair the sidewalk. The City moved for summary judgment dismissing the complaint against it on the ground that it had not received prior written notice of the alleged defect as required by Kingston City Charter, article XVII, § C17-1. Supreme Court denied the motion, concluding that factual issues existed as to whether the City had affirmatively created a dangerous condition. The City appeals.

A municipality with a duly enacted prior written notice statute pertaining to its streets, sidewalks and similar public thoroughfares generally cannot be held liable for a dangerous or defective condition in such areas in the absence of prior written notice (*see*, *Hendrickson v City of Kingston*, 291 AD2d 709; *Lugo v County of Essex*, 260 AD2d 711). Exceptions to the general rule include a defect affirmatively created by the municipality or a special use conferring a special benefit on the municipality (*see*, *Amabile v City of Buffalo*, 93 NY2d 471, 474; *Kiernan v Thompson*, 73 NY2d 840). Here, no proof has been presented, nor does plaintiff contend, that the City had prior written notice of the allegedly defective sidewalk area. Plaintiff argues, however, that by removing the tree, without removing the stump and its roots, the City engaged in an affirmative act that created the defective condition. Significantly, there is no evidence in the record that any act by the City altered in any fashion the condition of the sidewalk area or the roots from their condition prior to the time the tree was removed. While the City may have engaged in omissions regarding the stump and roots, this Court has recently held that "an act of omission does not constitute affirmative negligence excusing noncompliance with the prior notice requirement" (*Agrusa v Town of Liberty*, 291 AD2d 620, 621). Accordingly, the City's motion for summary judgment dismissing the complaint should have been granted.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant City of Kingston and complaint dismissed against it.