■ DERRICK HINKLEY et al., Appellants, v VILLAGE OF BALLSTON SPA, Respondent. [759 NYS2d 612] —Crew III, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered July 2, 2002 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 25, 1995, plaintiff Tracey Hinkley sustained personal injuries when she stepped off a curb onto a drainage grate in the Village of Ballston Spa, Saratoga County. Specifically, Hinkley was injured when her feet fell through and

became caught in one of the openings in the grate, as a result of which Hinkley fell backwards and sustained severe injuries to her ankles. Hinkley and her husband, derivatively, commenced this action against defendant predicated upon defendant's negligence in its use, construction, placement and/or maintenance of the drainage grate. Following joinder of issue, defendant successfully moved for summary judgment dismissing the complaint, and this appeal by plaintiffs ensued.

We reverse. Where, as here, a municipality has demonstrated entitlement to summary judgment by submitting proof of no prior written notice of an alleged defect, the burden shifts to plaintiffs to demonstrate that one or more of the exceptions to the prior written notice requirement is available to them (see Brzytwa-Wojdat v Town of Rockland, Sullivan County, 256 AD2d 873, 874 [1998]). To that end, it goes without saying that where a municipality creates the dangerous condition complained of, prior written notice is not required (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]).

Here, plaintiffs alleged that defendant was responsible for the installation of the drainage grate and provided expert evidence that the grate did not comport with accepted standards for municipal drainage grate openings. Although defendant contends that plaintiffs adduced no facts demonstrating that it installed the grate in question and, therefore, summary judgment was properly granted, we disagree. Plaintiffs established through testimony, as well as photographs, that the grate in question is contained within one of defendant's improved roadways, and a jury certainly would be entitled to reasonably infer that defendant either installed the grate or contracted for a third party to install the grate on its behalf. As a question of fact therefore exists as to whether defendant installed the grate, summary judgment is inappropriate.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.