*1042 Appeal from an order of Supreme Court, Erie County (Dillon, J.), entered August 5, 2002, which, inter alia, denied the motion of defendant City of Buffalo for summary judgment dismissing the complaint and cross claims against it.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant City of Buffalo and dismissing the complaint and cross claims against it and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he tripped and fell because of a depression in the street. Approximately two years prior to the accident, defendant East Amherst Plumbing Co., Inc. (East Amherst) made cuts in the pavement of the street at issue in order to work on the sewer. When its work was completed, East Amherst filled the cuts with a concrete cap, so that the concrete was level with the adjoining blacktop or asphalt. Defendant City of Buffalo (City) was to remove the concrete cap at a later time and replace it with asphalt. After East Amherst completed its work, a City engineer inspected and measured the concrete cap and billed East Amherst for the paving work that the City would subsequently perform. At the time of plaintiffs accident, the City had not yet removed the concrete cap and replaced it with asphalt, and a depression had formed where the concrete cap abutted the asphalt.
Supreme Court properly granted the motion of East Amherst for summary judgment dismissing the complaint and cross claim against it. In support of its motion, East Amherst submitted excerpts from the deposition of the City engineer who inspected and measured the concrete cap after East Amherst completed its work. He testified therein that, upon inspecting the work, he had found it acceptable. The engineer also examined a photograph of the accident scene and opined that the concrete cap was in good condition. East Amherst thus met its initial burden of establishing its entitlement to summary judgment dismissing the complaint against it, and neither the City nor plaintiff raised a triable issue of fact whether the defect was caused by any negligence of East Amherst (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The court erred, however, in denying the motion of the City for summary judgment dismissing the complaint and cross claims against it. The City met its initial burden by establishing that it did not have prior written notice of the allegedly danger *1043 ous condition as required by the City Charter (see Robinson v City of Buffalo, 303 AD2d 1048, 1048-1049 [2003]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [2000]), and plaintiff failed to raise a triable issue of fact whether an exception to the prior written notice requirement applies (see Hall, 275 AD2d at 1023). Although plaintiff contends that the City created the allegedly dangerous condition through an affirmative act of negligence (see generally Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Kiernan v Thompson, 73 NY2d 840, 841-842 [1988]), plaintiff in fact submitted the affidavit of an expert who opined that the City’s failure to pave over the area within a reasonable period of time caused and contributed to the defective condition because, over time, the concrete naturally flaked off, chipped, and broke, thereby allowing weather conditions to undermine the asphalt base around the excavation area. Thus, he alleged only “an act of omission [on the part of the City, which] does not constitute affirmative negligence excusing noncompliance with the prior [written] notice requirement” (Agrusa v Town of Liberty, 291 AD2d 620, 621 [2002]; see Lifer v City of Kingston, 295 AD2d 695, 696 [2002]; Gorman v Ravesi, 256 AD2d 1134, 1135 [1998]). We therefore modify the order by granting the motion of the City and dismissing the complaint and cross claims against it. Present—Pigott, Jr., PJ, Green, Scudder, Kehoe and Hayes, JJ.