■ James Herzog et al., Individually and as Coadministrators of the Estate of Melissa Herzog, Respondents, v Louis M. Schroeder et al., Defendants, and Town of Guilderland, Appellant. [780 NYS2d 226]—

Mugglin, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered December 17, 2003 in Albany County, which denied a motion by defendant Town of Guilderland for summary judgment dismissing the complaint against it.

Melissa Herzog (hereinafter decedent) died as the result of a one-car accident on Hurst Road in the Town of Guilderland, Albany County. The car, in which decedent was a rear-seat passenger, was operated by Korey W. Efaw in a westerly direction on Hurst Road. Efaw lost control of the car which spun counterclockwise, left the south edge of the road, and traveled backward 120 feet, where it struck a tree located seven feet from the edge of the pavement. Plaintiffs commenced these separate actions, later consolidated, to recover damages for the death of decedent, their daughter. Defendant Town of Guilderland (hereinafter defendant) moved for summary judgment dismissing the complaint against it contending that any negligence on its part was not a proximate cause of the accident, instead arguing that excessive speed and the driver's impairment due to alcohol and drugs were the factors causing the accident and decedent's resulting death. Further, defendant asserted that it was entitled to dismissal since it did not receive the required prior written notice of defects alleged to be in the highway as required by its municipal ordinance. Supreme Court denied defendant's motion and defendant now appeals.

On the record before us, we conclude that a genuine issue of fact exists regarding proximate causation which precludes a grant of summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant's expert, concurring with relevant portions of the police accident investigation, opined that the car was traveling between 85 and 90 miles per hour, far in excess of the posted speed limit of 40 miles per hour, and that the highway was in all respects safe. In opposition, plaintiffs' expert maintained that at the time the car left the highway, it was traveling at the posted speed limit, the road was wet and slippery due to poor drainage as a direct result of repaving completed only several months prior to the accident, and the posted speed limit, narrow lanes, lack of shoulders, high pavement edges and distance of the tree from the road created a hazard to motorists. Given these dramatically conflicting expert opinions, each based essentially on the same facts and reached on similar scientific reasoning, we conclude that plaintiffs met their burden of proof and raised a genuine triable issue of fact as to the proximate cause of the accident, thereby precluding a grant of summary judgment to defendant (*see Holmes v City of Elmira*, 251 AD2d 844, 845-846 [1998]).

Next, we address defendant's contention that it is entitled to summary judgment since it is undisputed that plaintiffs failed to give prior written notice of the alleged defects in the road prior to the accident. It is well settled that a municipality having a prior written notice statute pertaining to its highways cannot be held liable for injuries unless notice of the allegedly defective or unsafe condition was actually given (*see Agrusa v Town of Liberty*, 291 AD2d 620, 621 [2002]). However, defects affirmatively created by the municipality in its highway constitute an exception to this general rule (*see Lifer v City of Kingston*, 295 AD2d 695, 696 [2002]). The evidence reveals that in the summer of 2000, Hurst Road was resurfaced with a thin layer of low-level mineral asphalt. Defendant provided the contractor with no specifications or direction concerning, inter alia, drainage. According to plaintiffs' expert, the resurfacing created a dangerously slick surface with too low a coefficient of friction in wet conditions violating known safety standards. Since defendant oversaw the repaving project without providing specifications, a jury may reasonably conclude that defendant affirmatively created these dangerous conditions, obviating the necessity for prior written notice of these defects (*see Hinkley v Village of Ballston Spa*, 306 AD2d 612, 613 [2003]). Moreover, the prior written notice rule does not apply to a municipality's failure to erect proper speed limit or other traffic control signs (*see Alexander v Eldred*, 63 NY2d 460, 467 [1984]; *Lugo v County of Essex*, 260 AD2d 711, 713 [1999]; *Akley v Clemons*, 237 AD2d 780, 781 [1997]). With respect to the tree, however, its proximity to the roadway constitutes a physical defect which requires that defendant receive actual notice thereof (*see Adams v Town of Lisbon*, 170 AD2d 901, 902 [1991]). In the absence of a prior written notice, plaintiffs are precluded from submitting evidence as to this alleged defect (*see Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 919 [1989]). As such, defendant's motion should be partially granted in this regard.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Town of Guilderland with respect to the alleged defect of the tree; motion granted to that extent and partial summary judgment awarded to said defendant; and, as so modified, affirmed.