*619 OPINION OF THE COURT
Herbert Kramer, J.
After the effective date of the New York City Sidewalk Law of 2003, is it possible to denominate an elevation differential between sidewalk slabs of more than one-half inch as being non-actionable because it is “de minimis”?
In July of 2006 plaintiff tripped and fell on an elevated sidewalk slab which defect was caused by the action of the roots of a tree growing in a nearby tree well. Defendant, the owner of the abutting multiple dwelling, moves for summary judgment dismissing plaintiffs complaint citing a number of cases that reiterate the long-standing rule to the effect that “ ‘an abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree’. This rule applies even where the owner plants the tree in question, as ‘the mere planting of a curbside tree does not in itself constitute an act of affirmative negligence,’ ” and it is irrelevant whether or not the tree is located directly on the landowner’s property. (Gitterman v City of New York, 300 AD2d 157, 159 [1st Dept 2002] [citations omitted].)
The Sidewalk Law of 2003, Administrative Code of the City of New York § 7-210 (added by Local Law No. 49 [2003] of City of NY), recites in pertinent part that
“a. It shall be the duty of the owner of real property abutting any sidewalk ... to maintain such sidewalk in a reasonably safe condition.
“b. . . . the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition.”
Administrative Code § 19-152 (a) imposes a duty upon the abutting property owner to repair, repave or reconstruct the sidewalk flags abutting the property where, inter alia, there exists “4. a trip hazard, where the vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch.”
“The Report of the Infrastructure Division, Committee on Transportation, in favor of approving Local Law No. 49, notes: . . .
“ ‘This legislation is designed to place liability with the party whose legal obligation it is to maintain and repair sidewalks that abut them — the property owners.’ ” (Gangemi v City of *620 New York, 13 Misc 3d. 1112, 1120-1121 n 2 [Sup Ct, NY County 2006].)
“In signing Local Laws No. 49 and No. 54, Mayor Michael R. Bloomberg remarked: . . .
“ ‘Under current law, property owners are required to keep their sidewalks in good repair and free of snow and ice. However, if they fail to comply with this statutory duty and someone is injured as a result, they don’t get sued, the City does. This legislation transfers liability for sidewalk accidents from the City to property owners who already have the duty to keep the sidewalks in good repair.’ ” (Id. at 1121.)
In deciding whether the defendant property owner in this matter is free of liability as a matter of law, this court finds instructive a pre-Sidewalk Law decision where plaintiff tripped on a defect in the sidewalk caused by roots extending from a tree on the defendant’s property wherein the Court opined that
“[i]t is well settled that an abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty.” (Simmons v Guthrie, 304 AD2d 819, 819 [2d Dept 2003] [emphasis supplied].)
After the passage of the Sidewalk Law of 2003, there is indeed an ordinance that places a duty on the property owner to repair or replace a sidewalk flag that causes a trip hazard because of a grade differential of one-half inch or more, and thus the legal landscape in regard to tree root damage has in this court’s view changed substantially.
Indeed, the rationale for the creation of the Sidewalk Law was to place financial responsibility upon the abutting owner for injuries caused by specified defects in the paving regardless of what the cause of those defects was unless the damage was caused by the City or one of its contractors in the course of a city capital construction project. Otherwise the trigger for the obligation to repair is the nature of the defect itself. This is the conclusion reached recently by a court of coordinate jurisdiction holding in an unreported decision that “where the sidewalk may have [been] damaged by the tree roots of a curbside tree, it *621 is clear that under the [sidewalk] law, the owners are responsible for remedying the condition and are liable for damages that may occur because of the defect.” (Seplow v Solil Mgt. Corp., 15 Misc 3d 1138[A], 2007 NY Slip Op 51033[U], *5 [Sup Ct, NY County 2007].)
The defendants raise an additional ground for dismissal arguing that the defect was too trivial to be actionable. (See e.g. Morris v Greenburgh Cent. School Dist. No. 7, 5 AD3d 567 [2d Dept 2004].) In the instant case, the defendant’s expert estimated that the sidewalk flag was raised “less than 1 [inch]” an estimate he appeared to have made from photographs. However, the standard for a determination of what constitutes a substantial defect under the Sidewalk Law is one-half inch. The defendant has not met its burden of demonstrating that the elevation in question here was less than one-half inch and indeed the photographs compel the conclusion that the differential here was far greater than one-half inch. The defendant has not directed this court to a case that was squarely decided under the Sidewalk Law where it was determined that an elevation differential greater than one-half inch was trivial. Indeed, as with the question of liability for the action of tree roots, this court finds that in circumstances where the Sidewalk Law governs, the defense of “de minimis” is trumped.
The defendant’s motion to dismiss the complaint is denied.