■ MATTHEW J. LASTOWSKI, Appellant, v V.S. VIRKLER & SON, INC., et al., Respondents, et al., Defendant. V.S. VIRKLER & SON, INC., Third-Party Plaintiff, v HOOPER CORPORATION, Third-Party Defendant-Respondent. [883 NYS2d 675]—

Appeal from an order of the Supreme Court, Lewis County (Hugh A. Gilbert, J.), entered July 9, 2008 in a personal injury action. The order, insofar as appealed from, granted the motions of defendants V.S. Virkler & Son, Inc. and Town of Martinsburg for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying in part the motion of defendant V.S. Virkler & Son, Inc. and reinstating the complaint against it insofar as the complaint alleges that defendant V.S. Virkler & Son, Inc. was negligent in creating a dangerous condition on Whittaker Road by depositing or failing to remove stone dust and reinstating the cross claim of third-party defendant against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the backhoe he was driving tipped over, pinning him underneath. While driving the backhoe from one job site to another during a rainstorm, plaintiff passed the exit and entrance to a quarry abutting Whittaker Road in defendant Town of Martinsburg (Town). The quarry was owned and operated by defendant V.S. Virkler & Son, Inc. (Virkler) and, beyond the quarry, Whittaker Road descended steeply toward an intersection. After cresting the hill and beginning the descent, the backhoe began to fishtail and ultimately tipped over.

According to plaintiff, the Town was negligent in its design, maintenance and repair of Whittaker Road, and it created the roadway condition that caused the accident. Also according to plaintiff, the operation by Virkler of a quarry on Whittaker Road caused the accumulation of "stone dust" on the road surface, making the road slippery and causing or contributing to the accident and injuries. We conclude that Supreme Court properly granted the motion of the Town for summary judgment dismissing the complaint and cross claims against it. We further conclude, however, that the court erred in granting those parts of the motion of Virkler for summary judgment dismissing the complaint against it insofar as the complaint alleges that Virkler was negligent in creating a dangerous condition on Whittaker Road by depositing or failing to remove stone dust, and for summary judgment dismissing the cross claim of third-party defendant against it. We therefore modify the order accordingly.

With respect to the motion of the Town, we conclude that the

Town met its initial burden on its motion by establishing as a matter of law that it did not have prior written notice of the allegedly defective condition of Whittaker Road, as required by Local Law No. 4 (1997) of the Town (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Marshall v City of New York*, 52 AD3d 586, 586-587 [2008]). The burden then shifted to plaintiff to raise a triable issue of fact whether either of the two exceptions to the written notice requirement applied, i.e., that the Town "affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the [Town]" (*Yarborough*, 10 NY3d at 728), and plaintiff failed to meet that burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). First, the expert affidavit submitted by plaintiff, while faulting the adequacy of the subsurface installed on Whittaker Road in 1994 and 2000, acknowledged that it was the number and weight of trucks to and from the quarry over the course of time that resulted in the allegedly dangerous pavement condition that plaintiff allegedly encountered at the time of his accident in July 2005. Second, we reject plaintiff's contention that the Town derived a special benefit by granting a conditional use permit for the operation of Virkler's quarry in an agricultural zone (*see Guadagno v City of Niagara Falls*, 38 AD3d 1310, 1311 [2007]).

With respect to the motion of Virkler, however, we conclude that there is an issue of fact on the record before us whether Virkler was negligent in creating a dangerous condition on the road by depositing or failing to remove "stone dust" (*see Zuckerman*, 49 NY2d at 562). We cannot agree with the court that Vehicle and Traffic Law § 1219 is not applicable to the facts of this case (*see Stanton v Gasport View Dairy Farm*, 221 AD2d 1000 [1995]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.