# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**450**

**CA 12-01957**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

JAMES HAWLEY, AS PARENT AND NATURAL GUARDIAN
OF SCOTT HAWLEY, AN INFANT,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF OVID, DEFENDANT-APPELLANT.

---

LYNCH LAW OFFICE, PLLC, SYRACUSE, CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (NICHOLAS DAVIS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered June 4, 2012. The order denied the motion of defendant for, inter alia, summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges negligence based upon the nonfeasance of defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of his son, who was injured while bicycling over a bridge located in the Town of Ovid (defendant), alleging various wrongful, negligent and careless acts and omissions of defendant. Specifically, plaintiff alleged in the bill of particulars, inter alia, that defendant failed to keep the bridge and road in a reasonably safe condition and that defendant created the "dangerous and/or unsafe condition." Defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment dismissing the complaint pursuant to CPLR 3212 on the respective grounds that plaintiff failed to plead and to prove that he provided to defendant prior written notice of a dangerous or defective condition on or near the bridge as required by Local Law No. 1. Plaintiff responded that he did not need to plead or provide prior written notice because it was plaintiff's contention that defendant affirmatively created the dangerous condition. Supreme Court concluded that the lack of notice defense did not apply here and denied defendant's motion in its entirety.

Prior written notice of a defective or unsafe condition of a road or bridge is a condition precedent to an action against a municipality that has enacted a prior notification law (*see Amabile v City of Buffalo*, 93 NY2d 471, 474).  Where the municipality establishes that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of an exception to the rule, i.e., that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the municipality (*see Yarborough v City of New York*, 10 NY3d 726, 728).  The affirmative negligence exception is "limited to work by the [municipality] that *immediately* results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [internal quotation marks omitted]).  An omission on the part of the municipality "does not constitute affirmative negligence excusing noncompliance with the prior written notice requirement" (*Agrusa v Town of Liberty*, 291 AD2d 620, 621; *see Young v City of Buffalo*, 1 AD3d 1041, 1043, *lv denied* 2 NY3d 707).

We conclude that defendant met its initial burden of establishing as a matter of law that it did not receive prior written notice of any defective or dangerous condition on or near the bridge as required by Local Law No. 1 (*see Hall v City of Syracuse*, 275 AD2d 1022, 1023).  Viewing the evidence in the light most favorable to plaintiff, as we must (*see Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340), we conclude, however, that plaintiff raised an issue of fact whether defendant created a dangerous condition that caused the accident (*see Benty v First Methodist Church of Oakfield*, 24 AD3d 1189, 1190; *Smith v City of Syracuse*, 298 AD2d 842, 843).  We note that, insofar as plaintiff's complaint, as amplified by the bill of particulars, alleges negligence based upon defendant's nonfeasance, partial summary judgment should have been granted to defendant with respect to that claim because, absent prior written notice, a municipality cannot be held liable for failing to repair, inspect or maintain its roads and bridges (*see Price v Village of Phoenix*, 222 AD2d 1079, 1080).  We therefore modify the order accordingly.

All concur except CENTRA, J.P., who dissents and votes to reverse the order in accordance with the following Memorandum:  I respectfully dissent and would reverse the order and grant defendant's motion seeking, inter alia, summary judgment dismissing the complaint based on plaintiff's failure to comply with defendant's prior written notice law.  Plaintiff commenced this action seeking damages for injuries sustained by his son (infant plaintiff) when infant plaintiff fell off his bicycle.  Plaintiff alleged in the notice of claim that the infant plaintiff was injured "when his bicycle hit a large gap between the roadway and the steel deck" of a bridge.  The infant plaintiff testified at his 50-h hearing and deposition that the gap caused the accident.  Plaintiff does not dispute that defendant met its initial burden on the motion by establishing as a matter of law that it did not have prior written notice of the allegedly defective condition (*see Lastowski v V.S. Virkler & Son, Inc.*, 64 AD3d 1159, 1160-1161).  The burden thus shifted to plaintiff to raise a triable issue of fact whether either of the two exceptions to the written notice requirement applied, i.e., that defendant "created the defect or hazard through an

affirmative act of negligence . . . [or that] a 'special use' confers a special benefit upon [defendant]" (*Amabile v City of Buffalo*, 93 NY2d 471, 474; *see Lastowski*, 64 AD3d at 1161).  Only the affirmative negligence exception is at issue here.

I conclude that plaintiff failed to raise a triable issue of fact whether defendant created the dangerous condition.  The evidence establishes that there was an expansion joint where the road meets the steel deck of the bridge, resulting in a gap.  Over time, that gap has widened due to erosion, and wear and tear from vehicles.  Indeed, plaintiff's expert noted that the gap had become "dangerously large due to gradual deterioration," and that the "crumbling has gradually occurred over years and is not a recent sudden failure."  The affirmative negligence exception " 'is limited to work by [defendant] that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728).  Inasmuch as the widening of the gap occurred over time, the affirmative negligence exception would not apply to the extent that plaintiff contends that the widened gap was a dangerous condition that caused the accident (*see id.*; *Young v City of Buffalo*, 1 AD3d 1041, 1043, *lv denied* 2 NY3d 707).

Further, plaintiff's reliance on a 2008 repaving project is misplaced.  In 2008, defendant hired a contractor to apply a "cold mix pave" for six-tenths of a mile, starting at the bridge.  After the job was completed, defendant's representative told the contractor that there was not enough crown in the road, so the contractor came back and applied a "one-inch overlay with a crown in it."  To avoid any "lump/bump" next to the bridge, the contractor applied the overlay starting a little further back from the bridge.  In my opinion, this repaving project did not create the gap in the bridge; it merely failed to *fix* the gap.  Plaintiff therefore failed to raise a triable issue of fact whether defendant created the dangerous condition, as opposed to simply failing to repair it.

Plaintiff's expert further opined that the overlay "created a hump back from the eroded pavement . . . [, and] the hump propelled the bike into the eroded area and magnified the impact.  This affirmative action of the faulty repair aggravated the defects to create a dangerous condition."  I note that the infant plaintiff never testified that an alleged hump in the road caused the accident, and plaintiff did not allege any such dangerous condition in his notice of claim, complaint, or bill of particulars.  In any event, I conclude that the affidavit of plaintiff's expert was insufficient to raise a triable issue of fact inasmuch as there was no showing that there was actually a "hump" in the road or that it constituted a defective or dangerous condition.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court