Centra, J.P.
(dissenting). I respectfully dissent and would reverse the order and grant defendant's motion seeking, inter alia, summary judgment dismissing the complaint based on plaintiffs failure to comply with defendant's prior written notice law. Flaintiff commenced this action seeking damages for injuries sustained by his son (infant plaintiff) when infant plaintiff fell off his bicycle. Plaintiff alleged in the notice of *1036 claim that the infant plaintiff was injured “when his bicycle hit a large gap between the roadway and the steel deck” of a bridge. The infant plaintiff testified at his 50-h hearing and deposition that the gap caused the accident. Plaintiff does not dispute that defendant met its initial burden on the motion by establishing as a matter of law that it did not have prior written notice of the allegedly defective condition (see Lastowski v V.S. Virkler & Son, Inc., 64 AD3d 1159, 1160-1161 [2009]). The burden thus shifted to plaintiff to raise a triable issue of fact whether either of the two exceptions to the written notice requirement applied, i.e., that defendant “created the defect or hazard through an affirmative act of negligence ... [or that] a ‘special use’ confers a special benefit upon [defendant]” (Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; see Lastowski, 64 AD3d at 1161). Only the affirmative negligence exception is at issue here.
I conclude that plaintiff failed to raise a triable issue of fact whether defendant created the dangerous condition. The evidence establishes that there was an expansion joint where the road meets the steel deck of the bridge, resulting in a gap. Over time, that gap has widened due to erosion, and wear and tear from vehicles. Indeed, plaintiffs expert noted that the gap had become “dangerously large due to gradual deterioration,” and that the “crumbling has gradually occurred over years and is not a recent sudden failure.” The affirmative negligence exception “ ‘is limited to work by [defendant] that immediately results in the existence of a dangerous condition’ ” (Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Inasmuch as the widening of the gap occurred over time, the affirmative negligence exception would not apply to the extent that plaintiff contends that the widened gap was a dangerous condition that caused the accident (see id.; Young v City of Buffalo, 1 AD3d 1041, 1043 [2003], lv denied 2 NY3d 707 [2004]).
Further, plaintiff’s reliance on a 2008 repaving project is misplaced. In 2008, defendant hired a contractor to apply a “cold mix pave” for six-tenths of a mile, starting at the bridge. After the job was completed, defendant’s representative told the contractor that there was not enough crown in the road, so the contractor came back and applied a “one-inch overlay with a crown in it.” To avoid any “lump/bump” next to the bridge, the contractor applied the overlay starting a little further back from the bridge. In my opinion, this repaving project did not create the gap in the bridge; it merely failed to fix the gap. Plaintiff therefore failed to raise a triable issue of fact whether defendant created the dangerous condition, as opposed to simply failing to repair it.
*1037 Plaintiffs expert further opined that the overlay “created a hump back from the eroded pavement . . . [, and] the hump propelled the hike into the eroded area and magnified the impact. This affirmative action of the faulty repair aggravated the defects to create a dangerous condition.” I note that the infant plaintiff never testified that an alleged hump in the road caused the accident, and plaintiff did not allege any such dangerous condition in his notice of claim, complaint, or bill of particulars. In any event, I conclude that the affidavit of plaintiffs expert was insufficient to raise a triable issue of fact inasmuch as there was no showing that there was actually a “hump” in the road or that it constituted a defective or dangerous condition. Present — Centra, J.P., Fahey, Garni, Whalen and Martoche, JJ.