# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

120

CA 13-00853

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

LINDA BENSON, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

CITY OF TONAWANDA AND RONALD PILOZZI, MAYOR,
CITY OF TONAWANDA, DEFENDANTS-RESPONDENTS.

---

FEUERSTEIN & SMITH, LLP, BUFFALO (MARK E. GUGLIELMI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA, LLP, BUFFALO (LISA M. DIAZ-ORDAZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Michael L. D'Amico, A.J.), granted August 7, 2012 in a personal injury action. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, insofar as it alleges that defendants created a dangerous condition and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she sustained when her foot was caught in a gap between two wooden planks on a pedestrian bridge located within a park maintained by defendant City of Tonawanda.  According to the complaint, as amplified by the bill of particulars, defendants failed to maintain the bridge in a reasonably safe condition, and defendants "created the condition of the bridge which caused [her] injury."  Supreme Court granted defendants' motion for summary judgment and dismissed the complaint.  We conclude that the court erred in granting the motion to the extent that plaintiff alleges that defendants created the dangerous condition that resulted in her injuries (*see generally Horton v City of Schenectady*, 177 AD2d 823, 823).  We therefore modify the order accordingly.

Where, as here, a municipality has enacted a prior notification law, prior written notice of a defective or unsafe condition is a condition precedent to an action against the municipality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474; *Hawley v Town of Ovid*, 108 AD3d 1034, 1034-1035; *see also* Tonawanda City Charter § 6.003).  We conclude that defendants met their initial burden of establishing as a

matter of law that they did not receive prior written notice of any defective or dangerous condition on or near the bridge (*see Hawley*, 108 AD3d at 1035; *Young v City of Buffalo*, 1 AD3d 1041, 1042-1043, *lv denied* 2 NY3d 707; *Smith v City of Syracuse*, 298 AD2d 842, 842).  We conclude, however, that plaintiff raised an issue of fact with respect to the applicability of one of the two recognized exceptions to the prior written notice requirement, i.e., "that the municipality affirmatively created the defect through an act of negligence" (*Yarborough v City of New York*, 10 NY3d 726, 728; *see Hawley*, 108 AD3d at 1035).  Specifically, plaintiff raised an issue of fact whether defendants created a dangerous condition by constructing the bridge with half-inch gaps between the wooden planks instead of the quarter-inch gaps specified in the design plans for the bridge (*see Hawley*, 108 AD3d at 1035).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court