Appeal from an order of the Supreme Court, Erie County (John F. O’Donnell, J.), entered December 7, 2016. The order denied defendant’s motion for summary judgment dismissing the complaint and granted plaintiff’s cross motion for leave to amend the bill of particulars.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted, and the complaint is dismissed.
 

 Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when his foot fell through the pavement adjacent to a storm drain that was located in defendant Village of Depew. At the outset, we note that plaintiff was entitled to amend his bill of particulars once as of course before the filing of a note of issue (see CPLR 3042 [b]), and thus his cross motion for leave to amend the bill of particulars “should have been denied as unnecessary” (Leach v North Shore Univ. Hosp. at Forest Hills, 13 AD3d 415, 416 [2d Dept 2004]).
 

 Nevertheless, we agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. “Prior written notice of a defective or unsafe condition of a road or bridge is a condition precedent to an action against a municipality that has enacted a prior notification law” (Hawley v Town of Ovid, 108 AD3d 1034, 1034-1035 [4th Dept 2013]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). There is no dispute that defendant established that it lacked prior written notice, thus shifting the burden to plaintiff to demonstrate that an exception to the general rule is applicable (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Hawley, 108 AD3d at 1035). Such an exception exists where “the municipality affirmatively created the defect through an act of negligence” (Hawley, 108 AD3d at 1035; see Yarborough, 10 NY3d at 728). That exception, however, applies only “to work by the [municipality] that immediately results in the existence of a dangerous condition” (Oboler v City of New York, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]; see Hawley, 108 AD3d at 1035). Here, plaintiff failed to raise an issue of fact because his expert opined that the dangerous condition developed over time as a result of the intake of storm water, not that the dangerous condition was the immediate result of allegedly negligent work (see Bielecki v City of New York, 14 AD3d 301, 301-302 [1st Dept 2005]). Defendant is therefore entitled to summary judgment dismissing the complaint (see Yarborough, 10 NY3d at 728; see generally Bielecki, 14 AD3d at 302).
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.