Beagle v City of Buffalo (2019 NY Slip Op 09126)





Beagle v City of Buffalo


2019 NY Slip Op 09126


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


918 CA 19-00309

[*1]PAULINE A. BEAGLE, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, DEFENDANT-APPELLANT, JOHN GIKAS, SAM GIKAS, MILKIE'S ON ELMWOOD, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CHRISTOPHER POOLE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
BROWN & KELLY, LLP, BUFFALO (KEVIN D. WALSH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 26, 2018. The order granted the motion of defendants John Gikas, Sam Gikas and Milkie's on Elmwood, Inc., for summary judgment, dismissed the amended complaint and all cross claims against said defendants and denied the cross motion of defendant City of Buffalo for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the amended complaint and any cross claims against defendants John Gikas, Sam Gikas, and Milkie's on Elmwood, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell on an allegedly defective sidewalk in defendant City of Buffalo (City) that abutted property owned by defendants John Gikas and Sam Gikas (Gikas defendants) and leased to defendant Milkie's on Elmwood, Inc. (Milkie's). The parties do not dispute that, at the time of the incident, two sidewalk slabs were elevated by the roots of a nearby tree owned by the City. At some time before the accident, a "cold patch" repair was performed, covering the area between the two sidewalk slabs with asphalt. Nevertheless, on the day of plaintiff's accident, the sidewalk slabs remained elevated.
Following discovery, the Gikas defendants and Milkie's (collectively, property defendants) jointly moved for summary judgment dismissing the amended complaint and all cross claims asserted against them. The City thereafter cross-moved for summary judgment dismissing the amended complaint against it. Supreme Court granted the property defendants' motion but denied the City's cross motion. The City appeals. Although plaintiff also filed a notice of appeal, her appeal was deemed dismissed when it was not timely perfected (see 22 NYCRR 1250.10 [a]). We conclude that the court erred in granting the property defendants' motion but properly denied the City's cross motion, and we therefore modify the order accordingly.
With respect to the property defendants' motion, "it is well established that, as an abutting landowner [and tenant], [the property defendants are] not liable for injuries sustained as the result of a defect in the sidewalk unless the special use doctrine applies, i.e., the sidewalk was constructed in a special manner for [their] benefit, or unless [they] affirmatively created the defective condition or negligently constructed or repaired the sidewalk or there is a local [*2]ordinance charging [them] with the duty to maintain and repair the sidewalk and imposing liability for injuries resulting from [their] failure to do so" (Guadagno v City of Niagara Falls, 38 AD3d 1310, 1311 [4th Dept 2007]; see Clauss v Bank of Am., N.A., 151 AD3d 1629, 1630 [4th Dept 2017]; Shatzel v 152 Buffalo St., Ltd., 129 AD3d 1626, 1626-1627 [4th Dept 2015]).
Although the property defendants established as a matter of law that the special use doctrine does not apply and that they did not affirmatively create the allegedly defective condition, the Charter of the City of Buffalo (Charter) § 413-50 (A) specifically imposes on "owner[s] or occupant[s] of any lands fronting or abutting on any street," i.e., the property defendants, a duty to maintain and repair the sidewalk and provides that their failure to do so will result in liability for injuries to users of the sidewalk. Contrary to the property defendants' contention, that duty to maintain and repair extends to damage caused by the roots of a tree owned by the City where, as here, "the local ordinance contains no exceptions to the duty imposed on abutting landowners to maintain the sidewalk, even if the allegedly dangerous condition was created by a root extending from [City] property" (Shatzel, 129 AD3d at 1627; see Moore v Newport Assoc. L.P., 16 Misc 3d 618, 620 [Sup Ct, Kings County 2007]; Faulk v City of New York, 16 Misc 3d 1108[A], 2007 NY Slip Op 51346[U], *8 [Sup Ct, Kings County 2007]). The fact that a different section of the Charter prohibits anyone but the City from performing asphalt repairs (see § 413-46 [D]) does not absolve the property defendants from liability under section 413-50 (A) inasmuch as the Charter does permit landowners to reconstruct sidewalks after obtaining the appropriate permit from the City (see § 413-46 [A]).
With respect to the City's cross motion, the City contends that plaintiff's failure to plead in her amended complaint that the City had prior written notice of the alleged defect in the sidewalk is fatal to her action. It is well settled that where, as here, a municipality has enacted a prior written notice provision (see Charter § 21-2), compliance with that provision is a condition precedent to tort actions against that municipality (see Amabile v City of Buffalo, 93 NY2d 471, 473-474 [1999]; Malek v Village of Depew, 156 AD3d 1412, 1413 [4th Dept 2017]; Benson v City of Tonawanda, 114 AD3d 1262, 1263 [4th Dept 2014]). Contrary to the contentions of plaintiff and the property defendants, a municipality's actual notice or knowledge of a dangerous condition, as exists in this case, does "not avoid the notice requirement" (Oswald v City of Niagara Falls, 13 AD3d 1155, 1157 [4th Dept 2004]; see Guadagno, 38 AD3d at 1311-1312; see generally Amabile, 93 NY2d at 475-476).
We nonetheless reject the City's contention. The Court of Appeals "has recognized . . . two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence . . . and where a special use' confers a special benefit upon the locality" (Amabile, 93 NY2d at 474; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888, 889 [2007]).
Here, plaintiff invoked the affirmative negligence exception by alleging in her amended complaint that the City "creat[ed]" the dangerous condition. That exception requires evidence "that the municipality affirmatively created the defect through an act of negligence" (Yarborough, 10 NY3d at 728; see Ahern v City of Syracuse, 150 AD3d 1670, 1670-1671 [4th Dept 2017]). The exception is
" limited to work by the City that immediately results in the existence of a dangerous condition' " (Oboler, 8 NY3d at 889; see Yarborough, 10 NY3d at 728; Hawley v Town of Ovid, 108 AD3d 1034, 1035 [4th Dept 2013]) and "does not apply to conditions that develop over time" (Horan v Town of Tonawanda, 83 AD3d 1565, 1567 [4th Dept 2011]; see Burke v City of Rochester, 158 AD3d 1218, 1219 [4th Dept 2018]).
In our view, the evidence submitted by the property defendants in support of their motion, which was then incorporated into the City's cross motion, raised triable issues of fact whether the City performed the "cold patch" repair to the area sometime before plaintiff's accident and whether the condition of the sidewalk on the day of plaintiff's accident was the same as when the "cold patch" was first applied. We thus conclude that the City failed to establish as a matter of law that it did not affirmatively create a dangerous condition or that the dangerous condition was due solely to conditions that developed over time (see e.g. Wald v City of New York, 115 AD3d 939, 940-941 [2d Dept 2014]; Hawley, 108 AD3d at 1034-1035; Benty v First Methodist Church of Oakfield, 24 AD3d 1189, 1190 [4th Dept 2005]; see also Stanciu v Bilello, 138 AD3d 824, [*3]825-826 [2d Dept 2016]).
With respect to the City's final contention, we conclude that the City failed to establish as a matter of law that the condition of the sidewalk did not constitute a dangerous condition. " [W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case' . . . , and the existence or nonexistence of a defect or dangerous condition is generally a question of fact for the jury' " (Wiedenbeck v Lawrence, 170 AD3d 1669, 1669-1670 [4th Dept 2019], quoting Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). Here, evidence that the condition of the sidewalk appeared to be dangerous both before and after the cold patch was applied raises such triable issues of fact (see Cuebas v Buffalo Motor Lodge/Best Value Inn, 55 AD3d 1361, 1362 [4th Dept 2008]; cf. Trionfero v Vanderhorn, 6 AD3d 903, 904 [3d Dept 2004]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court